UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| STATE OF IDAHO by and through LAWRENCE G. WASDEN, Attorney General; and the IDAHO STATE TAX COMMISSION,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>NATIVE WHOLESALE SUPPLY COMPANY, a corporation; and Does 1 through 20,<br><br>　　　　Defendants. | Case No. 08-CV-396-S-EJL<br><br><br>**MEMORANDUM DECISION AND ORDER** |

　　Currently pending before the Court are: (1) Defendant's Motion to Dismiss for Lack of Jurisdiction (Docket No. 4) and (2) Plaintiffs' Motion to Remand to State Court (Docket No. 5). This Order resolves Plaintiffs' Motion to Remand to State Court. Having fully reviewed the record, the Court finds oral arguments unnecessary and shall decide this matter on the written motions, briefs, and record without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). Accordingly, the Court enters the following Order granting Plaintiffs' Motion to Remand to State Court. Therefore, it is not necessary to consider Defendant's Motion to Dismiss for Lack of Jurisdiction.

# I.  BACKGROUND

Defendant, Native Wholesale Supply Company ("NWS"), is owned by Arthur Montour, a member of the Seneca Nation.  (Montour Aff. ¶ 1, Docket No. 4-2.)  NWS is located on the Seneca Nation of Indians Territory in New York and chartered by the Sac and Fox Tribe of Oklahoma.  (Montour Aff. ¶ 2.)  NWS buys cigarettes from Grand Rivers Enterprises Six Nations, Ltd. ("Grand Rivers"), which is located on a Canadian reservation and owned by tribe members.  (Montour Aff. ¶ 3.)  NWS then sells the cigarettes to Native American tribes or entities owned by members and located on tribal land.  (Montour Aff. ¶ 5.)  The only person or entity NWS sells to within the boarders of Idaho is owned by the Coeur d'Alene Tribe and located on trust land.  (NWS's Mem. in Opp'n to Pls.' Mot. to Remand 3, Docket No. 10.)

On August 14, 2008, the Idaho State Tax Commission and Idaho Attorney General, collectively Idaho, filed this Complaint against NWS and twenty John Does in the Idaho District Court of Ada County.  (Compl., Docket No. 1-2.)  It alleges NWS sold over 90 million cigarettes in Idaho that are not on the compliant cigarette directory, (Compl. ¶ 19), violating Idaho Code § 39-8403(3)(c)[1] (Compl. ¶ 34); an Ada County District Court injunction prohibiting Grand Rivers from selling cigarettes in Idaho, (Compl. ¶ 15); the Idaho Consumer Protection Act, (Compl. ¶ 39); and the Idaho Cigarette Tax Laws, I.C. § 63-2503(1), (Compl. ¶ 42).

On September 17, 2008, NWS removed this case from the Ada County District Court to this Court under 28 U.S.C. § 1441.  (Notice of Removal, Docket No. 1.)  Idaho moved to remand

---

[1] It is illegal to sell, import, or cause to import for sale or distribution in Idaho any cigarette not listed on the compliant cigarette directory.  Idaho Code § 39-8403(3)(b)-(c). Manufacturers making payments to Idaho from a settlement or into escrow for expected liabilities have their cigarettes listed in the directory.  § 39-8403(2).

this case to state court for lack of subject matter jurisdiction. (Motion to Remand to State Court, Docket No. 5.) NWS opposes this motion arguing federal question jurisdiction exists under the Indian Commerce Clause.[2] (Docket No. 10.)

## II.  DISCUSSION

### A.  Standard of Review

The Ninth Circuit strictly construes the removal jurisdiction statutes against removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### B.  Motion to Remand

Idaho's Motion to Remand to State Court argues this Court lacks subject matter jurisdiction and must therefore remand the case to state court under 28 U.S.C. § 1447(c). Subject matter jurisdiction exists if the case arises under the Constitution, laws, or treaties of the United States – a federal question. 28 U.S.C. § 1331. Generally, the federal question must be presented on the face of a "well-pleaded complaint" for federal courts to have jurisdiction. *Caterpillar Inc. v. Williams*, 428 U.S. 386, 396 (1987). An exception is when a federal cause of action completely preempts a state cause of action. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 436 U.S. 1, 24 (1993). Based on the discussion below, the Court must remand the case to state court under § 1447(c) because it lacks subject matter jurisdiction under (1) the well-pleaded complaint rule and (2) the complete preemption doctrine.

---

[2] NWS has litigated and lost this removal issue with California and Oklahoma. *California v. Native Wholesale Supply Co.*, No. 08-1827 (E.D. Cal. Oct. 8, 2008); *Oklahoma v. Native Wholesale Supply*, No. 08-818, 2008 WL 4619808 (W.D. Okla. Oct. 16, 2008).

### 1.  Well-Pleaded Complaint Rule

The well-pleaded complaint rule limits the claims that create federal jurisdiction.  The rule requires a federal question to be presented on the face of the plaintiff's properly pleaded complaint – one plead without considering defenses.  *Caterpillar*, 482 U.S. at 392.  Because the rule does not allow for considering defenses as a basis for jurisdiction, a plaintiff that only relies on state law will avoid federal jurisdiction despite a defendant's federal defense.  *Id*. at 393.  This rule also applies to the defense of federal preemption.  *Id*.

Here, Idaho only asserts violation of state law in the Complaint.  NWS's only allegation for jurisdiction in this Court is federal preemption of state law.  This is a federal defense to claims based on state law; this Court lacks jurisdiction under the well-pleaded complaint rule.

The Supreme Court's decision *Oklahoma Tax Commission v. Graham*, 489 U.S. 838 (1989) is based on the same material facts as this case.  There, Oklahoma filed a complaint against the Chickasaw Tribe and the manager to collect unpaid state excise tax on the sales of cigarettes and bingo proceeds.  *Id*. at 839.  The face of Oklahoma's complaint only raised state tax questions.  *Id*. at 840.  The tribe removed the case to federal district court because the case was going to turn on the tribe's defense of sovereign immunity.[3]  *Id*. at 839.

In *Graham*, the Supreme Court held that allegations of federal immunity from a state claim do not qualify for federal jurisdiction.  *Id*. at 841.  That is a defense, which is not considered under the well-pleaded complaint rule.  Even if federal law preempted state law and provided the Chickasaw Tribe with immunity from the action, the claim still arose under state

---

[3] A Native American tribe's sovereign immunity from state law is controlled by the extent federal law preempts state law.  *McClanahan v. State Tax Comm'n of Ariz.*, 411 U.S. 164, 172 (1973).  Thus, the defenses of sovereign immunity and federal preemption are the same.

law and must be resolved there.  *Id*.  The Supreme Court held removal was improper and remanded the case.  *Id*. at 842.  This case is controlled by the *Graham* holding.

    2.  Complete Preemption

NWS argues removal is proper in this case under the complete preemption doctrine because "[t]he Indian Commerce Clause of the Constitution bestows on Congress the exclusive power to regulate Native American affairs and Supreme Court precedent supports the removal of this case."  (NWS's Mem. in Opp'n to Pls.' Mot. to Remand 4.)  This Court disagrees because states are allowed to impose taxes on cigarette sales from Native Americans to nonmembers, showing federal law has not completely preempted state law.

The complete preemption doctrine provides federal jurisdiction to prevent the artful pleading under the well-pleaded complaint rule.  *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000).  Artful pleading is only listing state law as the basis of a claim even though federal law provides the appropriate remedy.

Complete preemption only applies "when a federal statute wholly displaces the state-law cause of action" by providing the only remedy available.  *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 & 11 (2003).  Complete preemption applies in the limited circumstances where Congress chooses to regulate the entire field.  *ARCO*, 213 F.3d at 1114.  "Unlike complete preemption, preemption that stems from a conflict between federal and state law is a defense to a state law cause of action and, therefore, does not confer federal jurisdiction over the case."  *Id*.

NWS failed to present any statute or treaty expressing Congress's intent to regulate the entire field of Native American commerce or Native American commerce in cigarettes.  (*See* NWS's Mem. in Opp'n to Pls.' Mot. to Remand.)  Its reference to the Indian Commerce Clause is unpersuasive in establishing preemption because the clause only gives Congress the power to legislate.  *Cotton Petroleum Corp. v. N.M.*, 490 U.S. 163, 192 (1989).  Without an action by Congress, there is no preemption.

States are allowed to regulate and tax cigarette sales from tribe members to nonmembers.  In *Moe v. Confederated Salish & Kootenai Tribes of Flathead Reservation*, 425 U.S. 463, 483 (1976), the Supreme Court recognized Montana's ability to make tribe members collect cigarette taxes on sales to nonmembers.  The Supreme Court also upheld Washington's cigarette tax on sales by tribe members to nonmembers.  *Wash. v. Confederated Tribes of the Colville Indian Reservation*, 447 U.S. 134, 155 (1980) ("The federal statutes cited to us, even when given the broadest reading to which they are fairly susceptible, cannot be said to pre-empt Washington's sales and cigarette taxes.").  Given a state's ability to regulate sales between tribe members and nonmembers, it cannot be said that state law has been completely preempted.

While the cases NWS cites establish federal preemption of some state laws regulating reservation activity, they fail to establish complete preemption.  In *McClanahan v. State Tax Commission of Arizona*, 411 U.S. 164, 173 (1973), the Supreme Court held Arizona could not tax a tribal member's income earned exclusively from the reservation she lived on because taken as a whole treaties, federal laws, and the historical context of the laws did not recognize the states ability to impose the tax.  The case was first brought in Arizona state court and the Supreme Court reviewed the decision on a writ of certiorari from the Arizona courts under 28

**MEMORANDUM DECISION AND ORDER- p. 6**
09ORDERS\NATIVE_REMAND

U.S.C. § 1257.  *Id*. at 167.  In *Moe*, the Court extended *McClanahan* to prohibit Montana from taxing cigarette sales on a reservation between tribe members. 425 U.S. at 483.  Federal jurisdiction existed under 28 U.S.C. § 2281 as a constitutional challenge to state law, which has since been repealed.  *Id*. at 465 n.1.  These bases for federal jurisdiction do not apply here.

Because Congress has not displaced state law and the Supreme Court recognizes the authority of states to regulate cigarette sales between tribe members and nonmembers, the complete preemption doctrine does not apply.  Therefore, this Court lacks subject matter jurisdiction and shall remand the case back to state court according to 28 U.S.C. § 1447(c).

**C.  Attorney Fees**

Plaintiffs' Motion to Remand requests costs and attorney fees incurred in connection with NWS's improper removal of this action.  (Docket No. 5.)  The statute says:  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  If there is an objectively reasonable basis for seeking removal costs and fees should not be awarded.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Costs and fees are appropriate when established law clearly forecloses removal.  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1067 (2008).

Since 1914, defensive claims of federal law preempting state law on Native American matters have not created federal jurisdiction.  *Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914). The well-pleaded complaint rule does not provide subject matter jurisdiction.  *Graham*, 489 U.S. at 842.  Further, because states can impose taxes on cigarette sales between tribe members and

nonmembers, *Moe*, 425 U.S. at 483; *Confederated Tribes*, 447 U.S. at 155, federal law has not completely preempted state law.  These Supreme Court cases clearly foreclosed NWS's removal.  Therefore, Idaho will be awarded costs and attorney fees upon establishing the amount under Dist. Idaho Loc. Civ. R. 54.1 and 54.2, with opportunity for objection as to the amount.

### III.  ORDER

In accordance with the foregoing, IT IS HEREBY ORDERED that Plaintiffs' Motion to Remand to State Court (Docket No. 5) is GRANTED.  Pursuant to 28 U.S.C. § 1447(c), this case shall be remanded to the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada.  The clerk shall mail a certified copy of this Memorandum Decision and Order to the Ada County court clerk.  Defendant shall be ordered to pay just costs any actual expenses, including attorney fees, caused by the Notice of Removal on the condition that Plaintiffs establish the amount pursuant to Dist. Idaho Loc. Civ. R. 54.1 and 54.2 by **April 21, 2009**.  Defendant shall have until **May 12, 2009** to object to the amount of costs and expenses.

DATED:  **April 6, 2009**

~~Honora~~ble Edward J. Lodge
U. S. District Judge